DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
WILLIAM S. HABDAS, ESQ.
Nevada Bar No. 13138
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:   (702) 634-5000
Facsimile:    (702) 380-8572
Email: darren.brenner@akerman.com
Email: william.habdas@akerman.com

*Attorneys for Defendant, Hartford Fire Insurance Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TODD E. KOLOJAY, Individually; and JASON D. BEEBE, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.: 2:15-cv-00679-GMN-GWF<br><br>**STIPULATION TO EXTEND DISCOVERY PLAN AND SCHEDULING ORDER DEADLINES BY 90 DAYS**<br><br>(**Third Request**) |

Defendant Hartford Fire Insurance Company (**Hartford**) and plaintiffs Todd E. Kolojay and Jason D. Beebe respectfully submit the following stipulation requesting a 90-day extension of the current scheduling order deadlines.

**I.   INTRODUCTION.**

The dispute arises out of a commercial automobile insurance policy. Plaintiffs filed suit alleging breach of contract, bad faith, and violation of the unfair claims practices act. On April 7, 2015, Hartford filed its answer to the plaintiffs' complaint. On April 14, 2015, Hartford removed this matter to federal court. ECF No. 1. A discovery plan and scheduling order was entered on May 19, 2015. ECF No. 11. On July 9, 2015, the court granted the parties a 90-day extension to discovery deadlines. ECF No. 19. On August 31, 2015, the court granted the parties an additional 30-days in order to allow for the mediation. ECF No. 21.

{36277712;1}

## II. DISCOVERY STATUS.

    A. <u>Discovery that has been completed.</u>

1. Hartford served its Initial Disclosure of Documents and Witnesses on May 20, 2015.
2. Plaintiffs served their Initial Disclosure of Documents and Witnesses on May 21, 2015.
3. Hartford served its First Set of Requests for Production of Documents on June 9, 2015.
4. Hartford served its First Set of Interrogatories on June 9, 2014.
5. Hartford served its Second Set of Requests for Production of Documents on June 18, 2015.
6. Plaintiffs served their First Set of Requests for Production of Documents on July 16, 2015.
7. Plaintiffs served their First Set of Interrogatories on July 17, 2015.
8. Plaintiffs served their responses to Hartford's First Set of Requests for Production of Documents on July 20, 2015.
9. Plaintiffs served their answers to Hartford's First Set of Interrogatories on July 20, 2015.
10. Plaintiffs served their responses to Second Set of Requests for Production of Documents on July 21, 2015.
11. Hartford served its first supplemental disclosure of documents and witnesses on September 11, 2015.
12. Hartford served its answers to Kolojay's First Set of Interrogatories on September 17, 2015.
13. Hartford served its responses to Kolojay's First Set of Request for Production on September 17, 2015.
14. Hartford served its answers to Beebe's First Set of Interrogatories on September 17, 2015.

{36277712;1}

2

15. Hartford served its responses to Beebe's First Set of Request for Production on September 17, 2015.

16. Plaintiffs served their supplemental disclosures on September 21, 2015.

B.  Discovery that remains.

1. Expert disclosures;

2. Collection of additional outstanding medical records for plaintiffs;

3. Receipt of Kolojay's tax records from the IRS;

4. Neuropsychological exam of Kolojay;

5. Orthopedic consult/medical examination of Kolojay;

6. Depositions of plaintiffs' treating physicians;

7. Deposition of Expert Witness;

8. Plaintiffs' depositions (and follow-up discovery on any new issues that arise at the deposition);

The parties reserve the right to take additional discovery during the time frames outlined below should the need arise.

Hartford is in the process of obtaining a complete set of plaintiffs' medical records, and other documents through third-party discovery, which may lead to discovery of additional percipient witnesses and further direct its discovery efforts. Additionally, Hartford has requested Kolojay's tax records from the IRS. This process is expected to take some time. Plaintiffs' remaining discovery includes possible depositions of Hartford's Rule 30(b)(6) designee(s), depositions of the claims handlers, and depositions of Hartford's expert witness. The parties may also issue follow-up written discovery requests and third-party discovery as their discovery efforts continue.

C.  Pending Motions.

There are no motions currently pending before the court.

**III.  REASON WHY EXTENSION IS REQUIRED.**

The parties attended a mediation for Judge Porter on September 23, 2015. Unfortunately, the mediation was not successful. The parties have continued to diligently pursue discovery in this case; however, it is a large case, and efforts previously were primarily aimed at possible settlement. The

{36277712;1}                                3

collection of medical and tax records, expert disclosures, and medical examinations, and depositions are expected to take longer than is currently allocated for discovery. The parties believe that an additional 90-days of discovery should allow the parties sufficient time to complete discovery.

**IV.    PROPOSED SCHEDULE.**

1. Discovery Cut-Off Date. The parties agree that discovery will be extended 90 days from February 3, 2016, to **May 3, 2016**.

2. Experts.

    a. Initial Experts: *Wednesday*, **February 3, 2016**. (90 days before the discovery cut-off date).

    b. Rebuttal Experts: *Friday*, **March 4, 2016**. (30 days after initial expert disclosure)

3. Amending the Pleadings and Adding Parties: *Wednesday*, **February 3, 2016**. (not later than 90 days before the close of discovery).

4. Interim Status Report. The parties shall file the interim status report required by LR 26-3 by *Friday,* **March 4, 2016**. The undersigned counsel certify that they have read LR 26-3 and that this date is not later than sixty days before the proposed discovery cut-off date.

5. Dispositive Motions. The parties shall have until *Thursday,* **June 2, 2016** to file dispositive motions, which is thirty days after the discovery cut-off date.

6. Pretrial Order. The pretrial order shall be filed by *Monday,* **July 4, 2016,** which is thirty-two days after the date set for filing dispositive motions in the case. (30 days falls on a weekend). In the event a timely dispositive motion is filed, the deadline to submit the pretrial order shall be suspended until thirty days after a decision on such motion.

The parties believe that the 90 day extension is necessary and appropriate to provide sufficient time to conduct discovery regarding the plaintiff's claim for substantial damages.

…

…

…

…

{36277712;1}                                      4

Todd E. Kolojay and Jason D. Beebe v. Hartford Fire Insurance Co.
2:15-cv-00679-GMN-GWF

| DATED this 5th day of October, 2015. | DATED this 5th day of October, 2015. |
|---|---|
| **MAINOR WIRTH LLP** | **AKERMAN LLP** |
| By:/s/ *Bradley S. Mainor*<br>Bradley S. Mainor, Esq.<br>Joseph J. Wirth, Esq.<br>6018 S. Fort Apache, Suite 150<br>Las Vegas, Nevada 89148<br><br>*Attorneys for Plaintiffs* | By: /s/ *William S. Habdas*<br>DARREN T. BRENNER, ESQ.<br>Nevada Bar No. 8386<br>WILLIAM S. HABDAS, ESQ.<br>Nevada Bar No. 13138<br>1160 Town Center Drive, Suite 330<br>Las Vegas, Nevada 89144<br><br>*Attorneys for Defendant Hartford Fire Insurance Company* |

IT IS SO ORDERED:

_____
**UNITED STATES MAGISTRATE JUDGE**

DATED: October 6, 2015